IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ALAN AMERSON, )
)
Plaintiff, ) TC-MD 140036C
)
v. )
)
YAMHILL COUNTY ASSESSOR, )
)
Defendant. ) **FINAL DECISION OF DISMISSAL**

The court entered its Decision of Dismissal in the above-entitled matter on June 26, 2014.

The court did not receive a request for an award of costs and disbursements (TCR-MD 19)

within 14 days after its Decision of Dismissal was entered. The court's Final Decision of

Dismissal incorporates its Decision of Dismissal without change.

This matter is before the court on Defendant's Motion to Dismiss filed May 2, 2014

(Motion), on the ground that Plaintiff failed to appeal within the 90 days required by ORS

305.280(1). The parties agreed to argue Defendant's Motion on June 4, 2014, and a telephone

hearing was set for that date. Plaintiff later waived oral argument and stated that he "wishe[d] to

submit this matter on the record as established." (Ptf's Ltr at 1, May 16, 2014.) The court

subsequently canceled the telephonic oral argument and no hearing was held. The court is ruling

on the matter based on the pleadings and Defendant's Motion.

I. STATEMENT OF FACTS

Plaintiff owns property identified as Account 442257 (subject property). He received

property tax statements, sent to the address on file with Defendant, for the years 2002 to 2010.

(*Cf.* Ptf's Compl at 2; Def's Mot, Ex 2.) For those tax years, Defendant's records reflect that

Plaintiff made early payments of his taxes thereby taking advantage of the three percent

discount.  (*See* Def's Mot, Ex 2.)  Defendant mailed the 2011-12 property tax statement to the same address it had on file for the subject property that it used in previous tax years.  (*See id*., Ex 3.)

Plaintiff did not receive the 2011-12 tax statement for the subject property, and did not pay the taxes that year.  Plaintiff did receive and pay early taxes on eight other properties that he owns.  (Ptf's Compl, Ex A.)  After not receiving payment of the property taxes for the subject property for the 2011-12 tax year, on May 25, 2012, Defendant sent Plaintiff a delinquency notice to the same address it had sent the tax statement.  (Def's Mot, Exs 3-4.)  That was followed by subsequent mailings of the 2012-13 real property tax statement, a tax year 2012-13 delinquency notice dated May 21, 2013, and the 2013-14 real property tax statement.  (Def's Mot, Exs 5-7.)  On November 15, 2013, Plaintiff paid all of the then-outstanding and owing taxes on the subject property.  (Def's Mot at 2.)

Plaintiff requests that the court grant him the three percent early payment discount and a refund for all penalties and interest paid because he did not receive the tax statements for the subject property for the 2011-12 and 2012-13 tax years.  Plaintiff insists that, had he received the tax statements, he would have timely paid the taxes in full as he has done in the past, thereby securing the three percent discount and avoiding all penalties and interest.  (Ptf's Compl at 2.)  It is that contention that forms the basis for Plaintiff's requested relief.

## II.  ANALYSIS

Each person owning real property has the obligation to "keep the tax collector of the county where such real or personal property is situated informed of the true and correct address of the person[.]"  ORS 311.555.[1]  No person "who fails to keep the tax collector so informed

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

shall be permitted to plead lack of due notice given by the tax collector in any * * * matter growing out of the administration of ORS 311.545 to 311.565." *Id.*

Moreover, Oregon law provides that "[t]he failure of a taxpayer to receive the statement [of property taxes] * * * shall not invalidate any assessment, levy, tax, or proceeding to collect tax." ORS 311.250(2).

Property owners are expected to know when they should have received their property tax statements and the consequences for not paying them. *See Hood River County v. Dabney*, 246 Or 14, 28, 423 P2d 954 (1967) (stating the presumptions that property owners are assumed to know).

An appeal to the Tax Court from "an act, omission, order or determination of * * *[a] county assessor or other county official * * * or * * * [a] tax collector" is to be filed with the Magistrate Division of the court "as provided in ORS 305.280 and 305.560." ORS 305.275(1). Under ORS 305.280, the time allotted to file an appeal for an act or omission of a tax collector is 90 days from the date the act or omission is actually known by the taxpayer, provided the appeal is filed within one year of the act or omission. ORS 305.280(1), states in pertinent part:

> "Except as otherwise provided in this section, an appeal under ORS 305.275 (1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred * * *."

Plaintiff has not alleged that Defendant failed to mail the 2011-12 and 2012-13 property tax statements prior to the respective deadlines on October 25, 2011, and October 25, 2012. *See* ORS 311.250. Defendant alleges the statements were timely mailed and provided copies of the tax statements with its Motion. (Def's Mot, Exs 3,5.) Plaintiff did not file his appeal until

/ / /

/ / /

Feb 6, 2014. That interval is longer than the 90 days required by ORS 305.280(1), and more than one year after the act or omission occurred.[2] Plaintiff's appeal is therefore untimely.

Having received tax statements for eight other properties but not the subject property, Plaintiff should have known there might be a problem with the county's records and taken it upon himself to ensure that the county had his "true and correct address." ORS 311.555. Not having done so until November 13, 2013, Plaintiff lost the opportunity to take advantage of the three percent discount on full payments received "on or before November 15" of the tax year at issue.[3] ORS 311.505(3)(b).

## III. CONCLUSION

Plaintiff has not presented any fact or argument which shows he is entitled to a waiver of interest or a three percent property tax discount for the years under appeal. Defendant's Motion to Dismiss is granted. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] The time elapsed between both the 2011-12 and 2012-2013 tax statement and the filing of this appeal also exceeds the maximum one year time frame that cannot be exceeded in any event.

[3] "Tax year" means a period of 12 months beginning July 1. ORS 308.007(1)(c). For purposes of property taxation the assessment year beginning January 1 corresponds to the tax year beginning July 1 of the same calendar year. ORS 308.007(2). The 3 percent discount is given for full payment received by November 15 of the same calendar year as the assessment year. The 2011-12 property tax would have needed to be paid in full by November 15, 2011, to get the three percent discount.

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.

The Complaint is dismissed.

Dated this ____ day of July 2014.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed.*

*This document was signed by Magistrate Dan Robinson on July 16, 2014. The court filed and entered this document on July 16, 2014.*